## SPREITLER v. LOUISVILLE & N. R. CO.
### No. 230.

District Court, E. D. Illinois.

Jan. 4, 1941.

118

Johnson & Johnson, of Belleville, Ill., for plaintiff.

Farmer, Klingel & Baltz, of Belleville, Ill., for defendant.

WHAM, District Judge.

This case was tried before the court and jury and resulted in a verdict for the plaintiff. At the conclusion of all of the testimony in the case a motion for a directed verdict was made by the defendant. This motion was not acted upon by the court but the case was submitted to the jury, resulting in a verdict for the plaintiff, as aforesaid. Within ten days after the return of the verdict of the jury, the defendant filed its motion to set aside the verdict and to enter judgment for the defendant in accordance with its motion for a directed verdict. In the alternative the defendant prayed for a new trial.

After a consideration of said motion and briefs of counsel supporting and opposing said motion I have come to the conclusion that the motion to set aside the verdict of the jury and enter a judgment for the defendant cannot be allowed. At the conclusion of the trial I was of the opinion and upon reflection I am still of the opinion that the evidence admitted on the trial was sufficient to make each of the essential issues of fact in the case a question for the jury's determination.

There was evidence from which the jury might find that the wigwag signal over the crossing in question was not operating at and immediately before the accident which resulted in the death of the plaintiff's intestate; that plaintiff's intestate was acquainted with the crossing and with the wigwag signal which customarily operated at the crossing upon the approach of a train; that he was entitled to and did place reliance upon said signal to give warning of the approach of defendant's train on the occasion of his injury and death; that the failure of the signal to operate was due to negligence on the part of the defendant and directly caused or contributed to cause the collision between the automobile plaintiff's intestate was driving and defendant's locomotive, resulting in said intestate's injury and death.

There was ample evidence, in my judgment, to constitute the question as to whether or not plaintiff's intestate was in exercise of ordinary care for his own safety, under the circumstances shown by the evidence, one for the jury's determination. The jury was carefully instructed with reference to the deceased's obligation to exercise ordinary care and prudence for his own safety and that in this respect he had duties beyond that of relying solely upon the operation of the warning signal customarily maintained by the defendant at said crossing. In my judgment, the defendant, in its brief, states more strongly than the evidence warrants the contention that failure of the deceased to observe the ap-

proach of defendant's train and to stop his automobile before going upon the crossing constituted contributory negligence as a matter of law. The defendant's tracks west of the highway are built on a curve toward the right as one looks toward the west and elevated above the level of the highway upon which plaintiff's intestate was approaching from the south. A locomotive approaching from the west in the nighttime, as did the one in question, when near enough, would cast the beams of its headlight across the highway south of the crossing but whether the beams would light up the highway or be thrown above it and just how plainly the headlight would be observable and recognizable by the driver of a car approaching from the south in view of its changing position on the curve is not clear from the evidence. The testimony with reference to the state of the weather on the night in question was conflicting. The witness who was riding in the car with plaintiff's intestate testified that snow was, or had been, falling, that vision through the windows of the automobile were more or less obscured thereby, and there was evidence that there were other lights in the direction from which the train came. All of these facts, and others shown by the evidence, were, no doubt, considered by the jury in determining whether or not the deceased exercised that ordinary care which would be exercised by an ordinarily prudent person, acting prudently, as he approached the crossing under the circumstances shown by the evidence.

Defendant's motion to set aside the verdict and enter judgment for the defendant will be denied. Defendant's motion for a new trial must also be denied.

The case was fairly tried and submitted to the jury. The contention that the court erred in admitting testimony of the failure of the wigwag to work on other occasions cannot be upheld under the circumstances in this case. Such evidence, limited to a reasonable time before the occurrence of the accident in question, was admissible on two grounds: (1) As evidence that the company knew or in the exercise of reasonable care should have known that the device was defective and liable to failure in its functions. (2) As evidence tending to disprove the inference from the testimony of defendant's witnesses that the signal must have been working on the occasion in question because it was in-

spected a short time before the accident and a short time after at which times no mechanical imperfection was apparent to the employee making the inspection.

The motion for a new trial is overruled.